**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2018[*]
Decided January 3, 2019

*Before*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-3197

| | |
|---|---|
| JAMES E. MANLEY, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Indiana, South Bend Division. |
| *v.* | |
| | No. 3:13-CV-1308 |
| MARK R. SEVIER, et al., | |
|     *Defendants-Appellees,* | Jon E. DeGuilio, *Judge.* |

## O R D E R

James Manley, an Indiana inmate, alleged that eight staff members at the Miami Correctional Facility retaliated against him for conduct that included writing letters to public officials complaining about prison conditions, filing prison grievances, and suing prison officials in state court. The alleged retaliatory acts occurred in October and

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

November 2013 and included filing false conduct reports, taking away his prison job, and transferring him to a more dangerous housing unit. The district court entered summary judgment for the defendants because Manley failed to exhaust his administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a). We agree with the district court's conclusion and affirm the judgment.

We construe all facts in the light most favorable to the nonmoving party and review *de novo* whether the defendants have met their burden of showing that Manley failed to exhaust his administrative remedies. *See McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013); *see also Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) (explaining that the failure to exhaust is an affirmative defense). Prisoners cannot file a federal action about prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion of available administrative remedies is required for any suit challenging prison conditions.").

The Indiana Department of Corrections ("IDOC") provides three administrative complaint procedures to prisoners: a classification appeal system, to appeal changes in job or housing assignments; a disciplinary appeal system, to challenge disciplinary findings and sanctions; and the Offender Grievance Process, to resolve inmates' complaints about all conditions of confinement, including actions by individual staff members, such as retaliation or their means of applying the prison's "policies, procedures, or rules." The IDOC's Manual of Policies and Procedures details the Offender Grievance Process, which is explained to inmates upon entry to any IDOC facility. Prisoners begin by informally lodging a complaint with a staff member; if this fails to resolve the issue, the prisoner can submit a formal grievance and then appeal an unsatisfactory resolution.

While incarcerated in Indiana (at two facilities), Manley filed 45 formal complaints through the Offender Grievance Process, including one for retaliation by a staff member on September 27, 2013—shortly before the events alleged in Manley's complaint. But none of these grievances claim that any of the eight named defendants retaliated against Manley in October or November 2013. Indeed, Manley does not contend that he exhausted his administrative remedies by using the Offender Grievance Process. Instead, he maintains that he used the classification appeal and disciplinary appeal systems because the alleged retaliatory acts he suffered involved his housing assignment and the imposition of unwarranted discipline.

Manley's argument has some rhetorical force, but it conflicts with the straightforward IDOC policy outlining what the Offender Grievance Process is for and how to use it. His primary argument, therefore, boils down to whether a district court is entitled to enforce strict compliance with the prison's grievance procedures. It is. "[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93 (2006); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("This circuit has taken a strict compliance approach to exhaustion."). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Further, Manley's assertion that he was confused by the process—even if it were relevant—is unpersuasive. A seasoned grievance filer, he knew that IDOC procedure requires that retaliation claims be brought through the Offender Grievance Process: he filed a grievance for retaliation by a staff member at around the same time that he professes he was confused into using the disciplinary and classification appeals systems to challenge the allegedly retaliatory acts at issue here.

Manley's other arguments merit little attention. First, he contends that the district court improperly shifted the burden of proof onto him by directing the defendants to file a partial motion for summary judgment on administrative exhaustion, instead of a motion to dismiss. No matter how it is raised, however, the failure to exhaust is an affirmative defense that the defendant must prove. *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Summary judgment was simply the procedure through which the defendants raised (and proved) this defense. They submitted evidence sufficient to demonstrate that Manley had not filed offender grievances against any of them for retaliation—and, again, Manley admits this. The district court did not, therefore, resolve any dispute of fact against Manley. Moreover, a motion to dismiss would have been the wrong way to raise the exhaustion defense because a prisoner is not required to plead around the exhaustion defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Second, as evidence of exhaustion, Manley points to the denial of a disciplinary appeal, in which the administrator stated that Manley had fully exhausted his administrative remedies. But that statement applied only to the conduct violation at issue, which Manley had properly challenged through the disciplinary appeals process. It has nothing to do with the claims he raises in this lawsuit.

Manley makes yet other arguments, but none merits discussion. Because Manley did not pursue the proper administrative remedies before filing these retaliation claims, his case cannot proceed.

AFFIRMED